UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JACOB SHANE FLOURNOY,           )
                                )
        Plaintiff,               )
                                )
v.                              )   No.   1:22-CV-007-DCLC-SKL
                                )
MCMINN COUNTY,                  )
                                )
        Defendant.               )

**MEMORANDUM & ORDER**

Plaintiff, a McMinn County Justice Center inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 claiming that he has been unable to obtain mental health treatment during his incarceration despite asking numerous correctional officers and filing grievances about this issue [Doc. 2 p. 3-4]. For the reasons set forth below, Plaintiff will have thirty (30) days from the date of entry of this order to file an amended complaint.

**I.      SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**II.     ANALYSIS**

As set forth above, Plaintiff claims that he has been unable to obtain mental health treatment in the McMinn County Justice Center despite asking multiple officers and filing grievances about this issue [Doc. 2 p. 3–4]. Plaintiff has sued McMinn County and seeks monetary damages for this claim [*Id.* at 1, 3, 5].

However, Plaintiff has not set forth any facts from which the Court can plausibly infer that a custom or policy of McMinn County has caused his inability to obtain mental health treatment, such that this municipality could be liable from this claim under § 1983. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, as filed. Nevertheless, the Court will allow Plaintiff thirty (30) days from the date of entry

2

of this order to file an amended complaint for the limited purpose of setting forth a short and plain statement of facts setting forth each alleged denial of mental health treatment to him and the individual(s) responsible.[1]  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

2. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

3. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

4. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or its counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

s/Clifton L. Corker  
United States District Judge

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in her original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

3