UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| JACOB SHANE FLOURNOY | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No. | 1:22-CV-007-DCLC-SKL |
| MCMINN COUNTY, | ) ) ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

Plaintiff, an inmate in the McMinn County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of his inability to obtain mental health care treatment in the McMinn County Jail [Doc. 2 p. 3–4]. On March 30, 2022, the Court entered an order in which it screened the complaint, noted that the complaint failed to state a claim upon which relief may be granted under § 1983 as filed, and allowed Plaintiff to file an amended complaint [Doc. 6 p. 1–3]. Plaintiff complied [Doc. 7]. For the reasons set forth below, this action will be **DISMISSED**, as the amended complaint fails to state a claim upon which relief may be granted under § 1983.

I.    **STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. AMENDED COMPLAINT ALLEGATIONS

On October 17, 2021, Officer Hill put Plaintiff in "KX" [Doc. 7 p. 5]. On November 13, 2021, Plaintiff asked about mental health, but an individual named Carlton ("Carlton") told Plaintiff that "the jail didn[']t have mental health" [*Id.*]. Between November 15, 2021, and November 21, 2021, Plaintiff asked Officers Dasher, Teague, and Hill to be moved out of "KX" because "[he] couldn[']t mental[l]y take it anymore" [*Id.*]. Also, on November 18, 2021, Plaintiff talked to his wife about needing help [*Id.*].

Between November 22, 2021, and November 28, 2021, Plaintiff asked Officers Day, Gunner, Teague, Boots, and Greenlaw to be moved out of KX, and he also "put [in] a Gt on moving out of kx" [*Id.*]. On December 7, 2021, Plaintiff "put in another gt . . . about moving out of kx [be]cause [he] couldn[']t mentally take it [] [any]more" [*Id.*]. An unnamed officer told Plaintiff they would check on it, but Plaintiff never heard anything else about it [*Id.*]. Then on December 9, 2021, Plaintiff "put in another Gt about moving [him] from kx [be]cause [he] mental[l]y couldn[']t take it [] [any]more" [*Id.*].

2

Case 1:22-cv-00007-DCLC-SKL   Document 8   Filed 05/04/22   Page 2 of 5   PageID #: 31

On December 17, Officer "Dasher moved [Plaintiff] to JX" [*Id.*]. On January 5, 2022, Plaintiff told Carlton that he needed to speak to the nurse because he was having suicidal thoughts [*Id.*]. Plaintiff then spoke to Nurse Missy about his suicidal thoughts, at which point she "had [him] sent to the front to be put in observation" [*Id.*]. On his way to this placement, Sgt. Bredon asked Plaintiff what was going on, and Plaintiff told him that the was having suicidal thoughts and wanted help [*Id.*]. Sgt. Bredon told Plaintiff he would have someone come talk to Plaintiff about his mental health, but no one did [*Id.*].

Accordingly, on February 2, 2022, Plaintiff "Gted the nurse and asked if she ha[d] head anything from the mental health people that [were] supposed to come talk with [him]," but the nurse did not know anything about this [*Id.* at 5–6]. Plaintiff then reached out for help again and was sent to Moccasin Bend on March 1, 2022 [*Id.* at 6]. Plaintiff left Moccasin Bend on March 4, 2022, and he states that he did not get the help he needs, is still having suicidal thoughts, and the medication is not helping [*Id.*].

Plaintiff's amended complaint again names McMinn County as the only Defendant [*Id.* at 1]. As relief, Plaintiff requests one million dollars and the opportunity to receive proper mental health treatment [*Id.* at 4].

### III. ANALYSIS

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983. For the reasons set forth below, even liberally construing the amended complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted for violation of § 1983.

As set forth above, Plaintiff has only sued Defendant McMinn County. And as the Court notified Plaintiff in its previous order [Doc. 6 p. 2], this municipality may be liable under § 1983

3

only where its custom or policy was the moving force behind a violation of Plaintiff's constitutional rights. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

But Plaintiff's allegations regarding his placement in KX and officers' failure to immediately move him out of this placement despite his requests do not allow the Court to plausibly infer that any officers denied Plaintiff mental health treatment or otherwise violated his constitutional rights due to a custom or policy of Defendant McMinn County. Specifically, while Plaintiff states that he asked numerous officers to move him out of KX and filed grievances about moving out of this housing placement because he "could not mental[l]y" handle it, he does not set forth allegations from which the Court can plausibly infer that he told officers any facts from which they knew or should have known that his housing placement posed a substantial risk of harm to him, or that the officers deliberately and recklessly failed to address any substantial risk of harm to him from his housing placement pursuant to a custom or policy of Defendant McMinn County, such that Defendant McMinn County could be liable for these allegations under § 1983. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Brawner v. Scott Cty.*, 14 F.4th 585, 596–97 (6th Cir. 2021) (citations omitted).

Moreover, while Plaintiff alleges in his amended complaint that on November 13, 2021, Carlton told him that the McMinn County Jail did not "have mental health," and that Sgt. Bredon failed to obtain mental health treatment for him despite stating that he would do so on one occasion, the record also establishes that Carlton had Nurse Missy see Plaintiff after he learned of Plaintiff's suicidal thoughts, that Nurse Missy had Plaintiff sent to observation due to those thoughts, and

4

that unnamed jail officials ultimately sent Plaintiff to Moccasin Bend Mental Health Institute[1] for treatment. While Plaintiff alleges that the treatment he received at Moccasin Bend Mental Health Institute was inadequate and has not stopped his suicidal thoughts, he presents no facts from which the Court can plausibly infer that a custom or policy of Defendant McMinn County caused him to be denied mental health treatment, or that his inadequate mental health treatment was due to a custom or policy of Defendant McMinn County.

As such, even liberally construing the amended complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 against Defendant McMinn County.

## I. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge

---

[1] *See* https://www.tn.gov/behavioral-health/hospitals/moccasin-bend.html (last visited April 29, 2022).